## J. A. GRIMISON, PLAINTIFF IN ERROR, V. H. C. RUSSELL, DEFENDANT IN ERROR.

Promissory Note: CONDITIONS: ACTION. Where an instrument in the form of a promissory note is only to be payable upon condition that another certain promissory note therein named is paid by one of the parties named, the person so named, upon payment of such promissory note, may bring an action to recover the sum due against the persons signing such instrument.

ERROR to the district court for Colfax county. Tried below before POST, J.

*C. J. Phelps*, for plaintiff in error.

*M. B. Hoxie*, for defendant in error.

MAXWELL, CH. J.

The plaintiff in his amended petition alleges that on the 13th of August, 1876, one W. Wright, desiring to borrow one hundred dollars of Wells & Nieman, said Wright being insolvent, induced one George H. Wells to sign a note as surety for said Wright, payable to said Wells & Nieman, by reason of which the said Wright could and did obtain the said sum of one hundred and three and $\frac{10}{100}$ dollars; that said money was obtained alone by the credit and financial standing of said George

H. Wells. And as an inducement to the said George H. Wells to sign the note with the said Wright, the said defendant and said Wright executed and delivered to said Wells their promissory note or promise in writing in words and figures as follows:

" $103.10.     Schuyler, Neb., Aug. 13th, 1877.

" Ninety days after date, we, or either of us, promise to pay to George H. Wells, or order, one hundred three and $\frac{10}{100}$ dollars, for value received, negotiable and payable without defalcation or discount, at the banking house of Sumner & Co., Schuyler, Nebraska, with interest at the rate of 12 per cent per annum from maturity until paid. In case the note is not paid at maturity, and an action is commenced thereon, we agree to pay reasonable attorney's fees, the same to be allowed by the court, and included in the judgment. The conditions of this note are set out in full upon the back of this note.

" Signed,     W. Wright,<br>" J. A. Grimison.

" This note is to be binding upon the signers only on the following condition: That a certain note for $103.10, one hundred three $\frac{10}{100}$ dollars, signed by W. Wright and G. H. Wells, and made payable to Wells & Nieman, of Schuyler, be not paid.

" W. Wright,<br>" G. H. Wells,<br>" J. A. Grimison."

Plaintiff further avers that it was solely in consideration of the foregoing promise by the defendant, he and the said Wells being on terms of great friendship, that said Wells was induced to and did sign the said note to Wells & Nieman as security for said Wright.

That the said firm of Wells & Nieman is composed of N. W. Wells and Henry W. Nieman, and that neither of them is related to said George H. Wells.

That the said Wright made default in the payment of said note to Wells & Nieman, and the said George H. Wells was required to and did pay the full amount of said note, principal and interest, whereby the said defendant became indebted to the said George H. Wells upon and according to the terms of the said promissory note or promise in writing set forth above.

That afterwards, to-wit, on or about the..............day of.................187..., for a valuable consideration the said George H. Wells assigned the said promissory note or written promise to this plaintiff, in words as follows:

" Pay H. C. Russell without recourse.

"G. H. WELLS."

That said note is still the property of this plaintiff. That the defendant has not paid the same nor any part thereof, though often requested to do so. And he still refuses to pay the same.

That there is due the plaintiff thereon, the assignee of George H. Wells as aforesaid, from the defendant, the sum of one hundred three and $\frac{10}{100}$ dollars, and interest thereon from the 14th day of November, 1877, at the rate of 12 per cent per annum, and an attorney's fee of 10 per cent of the amount found due.

Wherefore plaintiff prays judgment against said defendant for the sum of one hundred three and $\frac{10}{100}$ dollars, with interest thereon from November 14, 1877, at the rate of 12 per cent per annum, also an attorney's fee of 10 per cent of the amount found due, together with the costs of this suit.

The defendant below demurred to the petition, and the demurrer being overruled filed an answer wherein he alleges :

First. That he signed the instrument sued on in this action solely and only upon the request and for the accommodation of the said W. Wright, and that he received no

consideration whatever for signing said instrument, which facts were well known to the said George H. Wells at the time of the execution and delivery of the paper writing upon which this action is founded.

Second. That the written agreement described in the plaintiff's petition herein was executed and delivered by the defendant to the said W. Wright at a time subsequent to the time of the execution and delivery by said George H. Wells to said W. Wright of the note described in the condition written on the back of the said instrument described in plaintiff's petition.

Third. That said George H. Wells was never at any time asked or requested by the defendant to sign the said note mentioned in said condition, nor to give to the said W. Wright any credit or accommodation whatever. That the defendant never at any time promised to the said George H. Wells that he would sign said instrument or any other writing whatever for the accommodation or benefit of the said W. Wright, nor that he would indemnify him in any way for any loss which he, said George H. Wells might sustain by reason of a failure on the part of said W. Wright to pay the said note mentioned in said condition to said Wells & Nieman, or any part of it. That neither prior to the time when said George H. Wells, signed said note payable to the order of Wells & Nieman, nor ever at any time since, has the defendant promised to the said George H. Wells that he, the defendant, would in any manner indemnify him, the said George H. Wells, for the payment of any sum of money which he, the said George H. Wells, might be required to pay or did pay on said note described in said condition.

On the trial of the cause the jury returned a verdict in favor of the plaintiff below (defendant in error). The testimony shows that the G. H. Wells mentioned in the proceedings is not a member of the firm of Wells & Nieman. The only question for determination is, did the

execution of the note or instrument sued on create a liability on the part of the plaintiff in error to pay G. H. Wells when he was required to pay the note of Wright to Wells & Neiman? We think it does. The proof clearly shows that G. H. Wells was required to pay such note and thereby became entitled to recover on the obligation in question. It will be conceded that a surety is bound only by the strict terms of his contract, but applying that rule and he is clearly liable in this case. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.